Black, J., concurring in the result: I am in entire agreement with the majority opinion as to the taxability of the income of the trust-created to pay premiums on life insurance policies taken out on the life of petitioner. I also concur in the result reached as to the five trusts created April 15, 1932, but I do not concur in some of the reasons given in the majority opinion. For example, in speaking of the right which the settlor reserved to terminate the trusts and thus accelerate the time of enjoyment by the beneficiaries, it is saids The plain meaning of these provisions is that the petitioner could have terminated the trusts at any time. It is uncertain whether in case of such termination of the trust in whole or in part the trustee would have been required to pay over to the beneficiary all or any part of the corpus of the trust which was thus terminated. * * * If the settlor had exercised his right to terminate the trusts and thus accelerate the time of enjoyment by the beneficiaries, I do not think there is any doubt but the trustee would have had to turn over the net proceeds of the trusts to the beneficiaries after the debts and obligations of the trust estates were satisfied. I do not agree with the majority opinion wherein it says that there was uncertainty about this. Also I do not agree that the retention by the grantor of an irrevocable trust of the right to accelerate the time of enjoyment by the beneficiary of the rights granted him under the trust is the retention of any such control by the settlor as would justify the taxability of the income of the trust to him. In the recent case of Estate of Harry Holmes, 3 T. C. 571, the grantor of the trusts had retained the right to terminate the trusts at any time and thus accelerate the time of enjoyment by the beneficiaries, but he retained no power to revest the trust corpus or any part thereof in himself or to change the portions granted to any beneficiary, such as was present in Commissioner v. Buck, 120 Fed. (2d) 775. We held that this retention by the settlor of the power to accelerate the time of enjoyment by the beneficiaries did not make the value of the trust corpus includible in decedent’s gross estate under section 811 (d), I. R. C. For substantially the same reasons as expressed by us in. the Holmes case that the corpus was not includible in decedent’s gross estate under section 811 (d), I do not think that the retention by the settlor in the instant case of the right to accelerate the time of enjoyment to the beneficiaries would afford any reason to include the income of the trust estates as petitioner’s income under section 22 (a). But while I do not agree to that part of the majority opinion, I concur in the result reached in the majority opinion because of the following provisions in article four of the trust indentures: During the lifetime of the Donor— (a) the Trustee shall not sell, purchase or exchange any securities at any time in the trust estate, without the written consent of the Donor; (b) the Trustee shall make sales, purchases or exchanges upon the written request of the Donor; (e) the Trustee shall vote the securities in the trust estate on any corporate matter as directed by the Donor. These were very broad powers of control which the settlor reserved unto himself and justify, I think, the taxation of the income of the trust estates to the settlor under section 22 (a), following such cases as Frank G. Hoover, 42 B. T. A. 786; Williamson v. Commissioner, 132 Fed. (2d) 489; Ellis H. Warren, 45 B. T. A. 379, affd., per curiam (C. C. A., 6th Cir.), 133 Fed. (2d) 312; and Louis Stochstrom, 3 T. C. 255, following the Supreme Court’s decision in Helvering v. Clifford, 309 U. S. 331. These cases, or at least some of them, are cited and relied upon in the majority opinion and I believe they support the conclusion therein reached. I, therefore, concur in the result. Leech, Mellott, Tyson, and Disney, JJ., agree with the above.